UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO JESUS HIDALGO-FERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX,<br><br>Respondent. | No. 1:26-cv-05620-DAD-AC (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On July 20, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for immediate release (Doc. No. 2), which the court construed as a motion for temporary restraining order. *See* (Doc. No. 5.) On July 23, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (*Id.*) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On July 24, 2026, respondent filed a combined opposition to the pending *habeas* petition and motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent argues that respondent "preserves their position that Petitioner is subject to the mandatory pre-order detention statute, 8 U.S.C. § 1225(b)[]" and that because "Petitioner entered the United States illegally" he "is thus an 'applicant for admission' who is subject to mandatory detention." (*Id.* at 1) (citations omitted). Respondent also contends that if the court finds that petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), respondent does not oppose this court "ordering a bond hearing." (*Id.* at 1.) Respondent further indicates that it submits on that opposition "without additional documentation beyond the attachments provided and request that the Court rule on the Petition in its entirety." (*Id.* at 2.)

Based on the parties' briefing, the court finds the following facts. Petitioner is a citizen and national of Cuba who entered the United States on or about February 19, 2022, without admission or inspection by an immigration official. (*Id.* at 5.) On May 6, 2026, ICE arrested petitioner pursuant to a warrant after he was released from the Travis County Correctional Complex.[1] (*Id.*) Petitioner has remained in ICE custody since then.

As to respondent's argument that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), the court rejects that position as it has done on several prior occasions. *See e.g.*, *Quichimbo-Jimenez v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378, at *1–2 (E.D. Cal. Mar. 10, 2026). As to respondent's statements that it does not oppose this court ordering a bond hearing, the court rejects that position as well. In his pending motion, petitioner contends that he "has remained in custody without an individualized bond hearing before an immigration judge." (Doc. No. 2 at 1.) Respondent does not dispute this argument, nor does the evidence before the court indicate that petitioner has received a bond hearing since ICE detained him on or about May 6, 2026. Moreover, beyond noting that

/////

[1] Petitioner was originally taken into local custody after being charged with assault causing bodily injury on a family member (Doc. No. 6 at 5), but that charge was subsequently dismissed (*id.* at 6, 13).

petitioner has a criminal history,[2] respondent does not argue that petitioner presents either a danger or flight risk if released. Accordingly, the court concludes that petitioner's detention by immigration authorities for over two months without being provided a bond hearing violates due process and that the appropriate remedy is to order petitioner's release, not a bond hearing. *Rodriguez v. Warden*, No. 1:26-cv-03222-DC-JDP, 2026 WL 1328510, at *4 (E.D. Cal. May 13, 2026) ("Here, I find that the 'typical remedy' of release is appropriate because the government has not provided a lawful justification for petitioner's detention. Petitioner's due process rights have been violated such that the provision of a bond hearing is constitutionally insufficient. Moreover, there is no allegation or evidence that petitioner has any criminal history, and respondents do not argue that he is a danger to the community or a flight risk.") (internal citations omitted), *report and recommendation adopted*, No. 1:26-cv-03222-DC-JDP (HC), 2026 WL 1506837 (E.D. Cal. May 29, 2026); *see also Huerta Huerta v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02301-DAD-CSK, 2026 WL 1552359, at *2 (E.D. Cal. June 2, 2026) ("In cases such as petitioner's, where the government has not advanced any argument or provided any evidence that petitioner poses a danger to the community or a flight risk, and petitioner has been denied his statutory right to a bond hearing for months, the court finds that release is the appropriate remedy.").

For the reasons above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondent is ORDERED to immediately release petitioner Lazaro Jesus Hidalgo-Fernandez, A-File No. 240-567-035, from respondent's custody;

/////

/////

---

[2] In support of this allegation, respondent attaches petitioner's RAP sheet, which reveals that petitioner's criminal history consists of: (1) unlawful presence without admission in violation of 8 U.S.C. § 1182, which was dropped on or about March 28, 2025; (2) unlawful presence without admission in violation of U.S.C. § 1182, for which he was arrested on or about May 6, 2026; and (3) assault causing bodily injury to a family member in violation of Texas Penal Code § 22.01(a)(1), which was dismissed on May 4, 2026. (Doc. No. 6 at 9–14.)

b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge at which hearing the burden will be set in accordance 8 U.S.C. § 1226 (a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting petitioner *habeas* relief;

3. The Clerk of the Court is directed to serve the Central Valley Annex detention facility with a copy of this order; and

4. The Clerk of the Court is also directed to enter judgement in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE